ALLINGTON & CURTIS MANUF'G CO. et al. v. GLOBE CO.

(Circuit Court, S. D. Ohio, W. D. April 6, 1896.)

No. 4,490.

PRACTICE—TAKING DEPOSITIONS IN PATENT CASES—EXTENSION OF TIME.
On defendant's motion for further extension of time for taking testimony, it appeared that complainant's counsel, resident in Hartford, Conn., was in attendance at Cincinnati from February 28th to March 14th, to be present at the taking of defendant's evidence, but that defendant took no evidence except on the first two and last five of those days; four of the latter days being occupied by an expert in answering a single question, without assistance from counsel. *Held*, that defendant was not entitled to an extension of time for taking additional expert testimony.

Offield, Towle & Linthicum and Albert H. Walker, for complainants.

Parkinson & Parkinson, for respondent.

SAGE, District Judge. The defendant's motion for further extension of time to take testimony is overruled. It appears that counsel for the complainants, whose residence is at Hartford, Conn., was in attendance at Cincinnati all the time from the morning of February 28 to the evening of March 14, 1896, to be present at the taking of defendant's evidence, but that the defendant took no evidence except on the first two and the last five of those days, although his counsel was in his office during the seven intervening business days. The only testimony taken during the second week in March was the deposition of one of defendant's experts, who occupied four days of that time in answering one question, without any assistance from counsel for defendant. The proposition now is to open up the testimony, to allow the taking of the deposition of another expert with reference to the operation of the Stratton steam separator when experimentally used as a dust collector. I see no reason why counsel for the defense cannot, if they so desire, procure from the expert, for their own use, his views on that subject, and then incorporate the substance of them in their brief or in their oral arguments. Such testimony is, after all, argumentative, and in most cases would be quite as effective if presented to the court as a part of the arguments of counsel. It is forcible in proportion as it appeals to the judgment and conviction of the court, rather than on account of its being under oath. Or, as suggested by Judge Taft, when a similar application was made to him, the steam separator might be operated in open court on the hearing in the experimental way desired. The showing made is not sufficient to justify the extension requested. The application is refused.